IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **North America's Building Trades Unions, et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Department of Defense, et al.,**<br><br>*Defendants.* | No. 1:25-cv-01070-RC |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

**AND NOW,** this ____ day of _____, 2025, upon consideration of Plaintiffs' Motion for a Preliminary Injunction, the memorandum and evidence in support thereof, and Defendants' response thereto, this Court finds as follows:

1. Plaintiffs are challenging Defendants' implementation of memoranda that override Executive Order 14063's project labor agreement requirements for entire classes of government projects;

2. Plaintiffs are likely to succeed in their challenge because Defendants' memoranda are not in accordance with Executive Order 14063, and Defendant Department of Defense's memorandum is arbitrary and capricious;

3. Without a preliminary injunction, Plaintiffs would suffer irreparable injury.

4. The balance of the equities and the public interest support a preliminary injunction, which would require Defendants to comply with Executive

Order 14063.

It is **HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED** as follows:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them are ENJOINED, pursuant to Fed. R. Civ. P. 65(a), from taking any action whatsoever to implement or enforce the following memoranda:

    a. Off. of the Under Sec'y of Def., DARS Tracking No. 2025-O0002, *Class Deviation — Waiver of Project Labor Agreement Requirements* (Feb. 7, 2025);[1] and

    b. GSA, SPE Memo SPE-2025-05, *Class Exception to Requiring a Project Labor Agreement for Land Ports of Entry* (Feb. 12, 2025).[2]

2. This Preliminary Injunction is granted without condition that a bond be filed by Plaintiffs in view of the Court's determination that no economic or other injury would result to any Defendant or the public generally in consequence of the issuance of this Order.

---

[1] https://www.acq.osd.mil/dpap/policy/policyvault/USA000250-25-DPCAP.pdf

[2] https://www.gsa.gov/system/files/SPE-2025-05.pdf

3.  This Preliminary Injunction shall remain in full force and effect until the final judgment in this action or until further order of the Court, whichever occurs first.

_____
UNITED STATES DISTRICT JUDGE

## NAMES OF PERSONS TO BE SERVED
## WITH PROPOSED ORDER UPON ENTRY

In accordance with Local Civil Rule 7(k), below are the names and addresses of persons entitled to be notified of entry of the above proposed order:

DEPARTMENT OF DEFENSE
1000 Defense Pentagon
Washington, D.C. 20301

PETER B. HEGSETH, in his official capacity as Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301

GENERAL SERVICES ADMINISTRATION
1800 F Street, N.W.
Washington, D.C. 20006

STEPHEN EHIKIAN, in his official capacity as Acting Administrator of General Services
1800 F Street, N.W.
Washington, D.C. 20006

Edward R. Martin, Jr.
UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA
c/o Civil Process Clerk
601 D Street, N.W.
Washington, D.C. 20530

Pamela Bondi
ATTORNEY GENERAL OF THE UNITED STATES
c/o Assistant Attorney General for Administration, Justice Management Division
950 Pennsylvania Avenue, N.W.
Room 1111
Washington, D.C. 20530

Jonathan D. Newman
Lucas R. Aubrey
Jacob J. Demree
SHERMAN DUNN, P.C.
900 Seventh Street, N.W.
Suite 1000
Washington, D.C. 20001