IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTH AMERICA'S BUILDING TRADES UNIONS, et al., <br><br> Plaintiffs, <br> v. <br><br> DEPARTMENT OF DEFENSE et al., <br><br> Defendants. | Case No. 1:25-cv-01070-RC <br><br> Judge Rudolph Contreras |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

LEGAL STANDARD .............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

CONCLUSION ........................................................................................................................ 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alphapointe v. Dep't of Veterans, Affs.*,
 475 F. Supp. 3d 1 (D.D.C. 2020) ...................................................................................... 6

*Already, LLC v. Nike, Inc.*,
 568 U.S. 85 (2013) ............................................................................................................ 4

*Citizens for Resp. & Ethics in Wash. v. Wheeler*,
 352 F. Supp. 3d 1 (D.D.C. 2019) ...................................................................................... 4

*City of Mesquite v. Aladdin's Castle, Inc.*,
 455 U.S. 283 (1982) .......................................................................................................... 6

*DeFunis v. Odegaard*,
 416 U.S. 312 (1974) .......................................................................................................... 5

*DuVall v. Postmaster Gen., U.S. Postal Serv.*,
 585 F. Supp. 1374 (D.D.C. 1984) ...................................................................................... 3

*Emery Worldwide Airlines, Inc. v. United States*,
 264 F.3d 1071 (Fed. Cir. 2001) ......................................................................................... 6

*Friends of Animals v. Bernhardt*,
 961 F.3d 1197 (D.C. Cir. 2020) ..................................................................................... 4, 5

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
 528 U.S. 167 (2000) .......................................................................................................... 6

*Grande Silvery Minnow v. Bureau of Reclamation*,
 601 F.3d 1096 (10th Cir. 2010) ......................................................................................... 6

*Grant v. Vilsack*,
 892 F. Supp. 2d 252 (D.D.C. 2012) ................................................................................... 7

*Iron Arrow Honor Soc'y v. Heckler*,
 464 U.S. 67 (1983) ............................................................................................................ 3

*Jenkins v. Howard Univ.*,
 123 F.4th 1343 (D.C. Cir. 2024) ........................................................................................ 3

*Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*,
 402 F.3d 1249 (D.C. Cir. 2005) ......................................................................................... 4

*Los Angeles Cnty. v. Davis*,
    440 U.S. 625 (1979)............................................................................................................5

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)............................................................................................................5

*Meyer v. Grant*,
    486 U.S. 414 (1988)............................................................................................................7

*Moharam v. Transp. Sec. Admin.*,
    134 F.4th 598 (D.C. Cir. 2025).............................................................................................8

*MVL USA, Inc. v. United States*,
    174 Fed. Cl. 437 (2025).......................................................................................................2

*NTCH, Inc. v. FCC*,
    841 F.3d 497 (D.C. Cir. 2016).............................................................................................4

*Ozinga v. Price*,
    855 F.3d 730 (7th Cir. 2017)...............................................................................................6

*Porup v. Cent. Intel. Agency*,
    997 F.3d 1224 (D.C. Cir. 2021).......................................................................................5, 7

*Rosebrock v. Mathis*,
    745 F.3d 963 (9th Cir. 2014)...............................................................................................6

\*Row 1 Inc. v. Becerra*,
    92 F.4th 1138 (D.C. Cir.)................................................................................................5, 6

*Schmidt v. United States*,
    749 F.3d 1064 (D.C. Cir. 2014)...........................................................................................4

*Solidarity With People of El Salvador (CISPES) v. Sessions*,
    929 F.2d 742 (D.C. Cir. 1991).............................................................................................5

*Toxco, Inc. v. Chu*,
    801 F. Supp. 2d 1 (D.D.C. 2011).........................................................................................7

*Turner v. Rogers*,
    564 U.S. 431 (2011)............................................................................................................7

*United States v. Concentrated Phosphate Export Assn.*,
    393 U.S. 199........................................................................................................................6

*United States v. Sanchez-Gomez*,
  584 U.S. 381 (2018)..................................................................................................4

**STATUTES**

28 U.S.C. § 1491(b).....................................................................................................................6

41 U.S.C. § 253...........................................................................................................................2

**RULES**

Federal Rule of Civil Procedure 12(b)(1)....................................................................................3

**Regulations**

48 C.F.R. § 22.501.......................................................................................................................1

48 C.F.R. § 22.505.......................................................................................................................3

**OTHER AUTHORITIES**

13C WRIGHT & MILLER'S FED. PRAC. & PROC. JURIS. § 3533.7 (3d ed. 2025)............................6

DoD Off. of the Under Sec'y of Def., Rescission of Class Deviation—Waiver of Project Labor
  Agreement Requirements (Jun. 2, 2025),
  https://perma.cc/69LE-7R2Q ..............................................................................................2, 3

Exec. Order No. 14,063, 87 Fed. Reg. 7363 (Feb. 4, 2022) ................................................1, 2, 3

GSA Off. of Acquisition Pol'y, SPE Memo SPE-2025-13: Rescission of SPE-2025-05, Class
  Exception to Requiring a Project Labor Agreement for Land Ports of Entry (May 29, 2025),
  https://perma.cc/RDD6-2NT4 .................................................................................................2

Mem. from Russell T. Vought to Heads of Exec. Dep'ts and Agencies (June 12, 2025),
  https://perma.cc/87ZL-SXD4 ...........................................................................................1, 3, 7

*U.S. Dep't of Defense, et al., Federal Acquisition Regulation: Use of Project Labor Agreements
  for Federal Construction Projects*, 88 Fed. Reg. 88,708 (Dec. 22, 2023).................................1

# INTRODUCTION

The Department of Defense ("DoD") and General Services Administration ("GSA") have formally rescinded the policies at issue in the case, disavowed continued reliance on those policies, and instructed their contracting officers to proceed in accordance with Executive Order, the relevant federal regulations, and this Court's order. Further, the Director of the Office of Management and Budget ("OMB") recently reaffirmed this Administration's commitment to "the use of PLAs when those agreements are practicable and cost effective" and clarified that "blanket deviations prohibiting the use of PLAs," of the sort challenged in this case, "are precluded." Mem. from Russell T. Vought to Heads of Exec. Dep'ts and Agencies (June 12, 2025), https://perma.cc/87ZL-SXD4 ("OMB Memo").

Given these developments, this case is moot, and the Court now lacks jurisdiction over it for want of a case or controversy. Any argument by Plaintiffs to the contrary would necessarily rely on speculation or conjecture that the agencies have acted in bad faith in disavowing their previous policies. No exception to mootness applies.

# BACKGROUND

The Court summarized the facts of this case in its Memorandum Opinion. *See* Mem. Op., ECF No. 19 ("PI Op."). In brief, on February 4, 2022, President Biden issued Executive Order 14,063, requiring large-scale government construction projects to contain a requirement that the bidder enter a PLA Agreement, subject to enumerated exceptions. *Id.* 2 (citing Exec. Order No. 14,063, 87 Fed. Reg. 7363 (Feb. 4, 2022) ("PLA E.O.")). Large-scale construction projects are those whose anticipated cost to the federal government is $35 million or greater. PLA E.O. § 2(c). The requirement was codified into the Federal Acquisition Regulations at 48 C.F.R. § 22.501*, et seq*. *See U.S. Dep't of Defense, et al., Federal Acquisition Regulation: Use of Project Labor Agreements for Federal Construction Projects*, 88 Fed. Reg. 88,708 (Dec. 22, 2023).

1

Based on the PLA E.O., the DoD and GSA included PLA requirements in certain solicitations for large-scale projects. Several of these solicitations were challenged in the Court of Federal Claims, which found that the PLA mandate in those specific solicitations violated the Competition in Contracting Act, 41 U.S.C. § 253, *et seq*. *See MVL USA, Inc. v. United States*, 174 Fed. Cl. 437 (2025). In response, the GSA and DoD each published a memorandum excepting certain types of projects from the PLA E.O.'s requirements. *See Mem. re: Class Deviation— Waiver of Project Labor Agreement Requirements*, Dep't of Defense ("DoD Mem."), ECF No. 5-6; *Mem. for All PBS Contracting Activities and Heads of Contracting Activity*, GSA ("GSA Mem."), ECF No. 5-7.

Plaintiffs sued, and on April 10, moved the Court for a preliminary injunction preventing the DoD and GSA from proceeding on any large-scale projects without a PLA requirement based on the DoD and GSA Memoranda. Pls.' Mot. for a Prelim. Inj., ECF No. 5 ("PI Mot."). On May 16, 2025, the Court granted Plaintiffs' motion, enjoining Defendants from relying on the DoD and GSA Memoranda. *See* PI Op.

After this Court's decision, both the DoD and GSA rescinded their previous Memoranda. *See* GSA Off. of Acquisition Pol'y, *SPE Memo SPE-2025-13: Rescission of SPE-2025-05, Class Exception to Requiring a Project Labor Agreement for Land Ports of Entry* (May 29, 2025), https://perma.cc/RDD6-2NT4 ("GSA Rescission"); DoD Off. of the Under Sec'y of Def., *Rescission of Class Deviation—Waiver of Project Labor Agreement Requirements* (Jun. 2, 2025), https://perma.cc/69LE-7R2Q ("DoD Rescission").

The GSA Rescission instructs GSA contracting officials to include "language, clauses, and provisions in all large-scale [applicable] projects mandating the use of PLAs unless an exception" applies. GSA Rescission. For current projects, contracting officials are directed to either (1)

2

amend the solicitation to include a PLA requirement, or (2) cancel the solicitation, and resolicit with a PLA requirement or seek an exception before re-soliciting in compliance with the exceptions established by the PLA E.O. *Id*. The Rescission makes clear, in no uncertain terms, that contracting officials "are directed to immediately cease all reliance on [the GSA Memorandum] for all active or future procurements." *Id*. Similarly, the DoD Rescission directs contracting officers to "[c]omply with the requirements for project labor agreements" established in the Federal Acquisitions Regulations pursuant to the PLA E.O. and to "[a]mend pending solicitations to include the solicitation provisions and contract clauses prescribed at FAR 22.505, as appropriate." DoD Rescission.

On June 12, 2025, OMB issued a new guidance memorandum, directing that agencies should no longer issue blanket deviations from the PLA requirement. *See* OMB Memo at 1. The memorandum reaffirmed the Administration's commitment to "the use of PLAs when those agreements are practicable and cost effective." *Id*. It also clarified the situations in which deviation on singular projects is appropriate based on the market research exception. *Id*. at 1–2.

Given these developments, Plaintiffs' claims are now moot, and Defendants hereby move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this action for lack of subject matter jurisdiction.

## LEGAL STANDARD

"Federal courts lack [subject matter] jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). When intervening events have mooted a case, dismissal under Rule 12(b)(1) is proper. *See DuVall v. Postmaster Gen., U.S. Postal Serv.*, 585 F. Supp. 1374, 1378 (D.D.C. 1984) (dismissing "suit as moot pursuant to Federal Rule of Civil Procedure 12(b)(1)"). Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction, *see*

3

*Jenkins v. Howard Univ.*, 123 F.4th 1343, 1347 (D.C. Cir. 2024), but on a motion to dismiss on mootness grounds, "the party asserting mootness . . . bears the burden of establishing that the case is in fact moot[,]" *Citizens for Resp. & Ethics in Wash. v. Wheeler*, 352 F. Supp. 3d 1, 7 (D.D.C. 2019). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted).

## ARGUMENT

Under Article III of the Constitution, "a live controversy must exist at all stages of judicial review, not only when a complaint is filed." *NTCH, Inc. v. FCC*, 841 F.3d 497, 504 (D.C. Cir. 2016). To that end, a case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and thus outside the jurisdiction of federal courts. *United States v. Sanchez-Gomez*, 584 U.S. 381, 386 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A case becomes moot when "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (cleaned up). As the D.C. Circuit has explained, "the government's abandonment of a challenged [policy] is just the sort of development that can moot an issue." *Friends of Animals v. Bernhardt*, 961 F.3d 1197, 1203 (D.C. Cir. 2020); *see also Samma v. Dep't of Def.*, 1113 (D.C. Cir. 2025) (collecting cases).

The present circumstances are just such an example of mootness. In bringing this action, Plaintiffs asked the Court to "enjoin Defendants from enforcing the memoranda described" in the Complaint. Compl., ECF No. 1 ¶ B; *see also* PI Mot. ¶ 5. Subsequently, both the DoD and the GSA rescinded the policies at issue, disavowed continued reliance on those policies, and instructed their contracting officers to proceed in accordance with Executive Order, the relevant federal regulations, and this Court's order.

4

The D.C. Circuit decision in *Row 1 Inc. v. Becerra* is controlling here and confirms this case is now moot. 92 F.4th 1138 (D.C. Cir.), *cert. denied*, 145 S. Ct. 413 (2024). In that case, the D.C. Circuit found that the plaintiff's challenge to two Centers for Medicare and Medicaid Services ("CMS") technical direction letters was moot after CMS formally rescinded the letters. *Id.* at 246–48. As the Circuit explained,

> The Government has already rescinded the . . . policy that Appellant challenges. And the Government has not indicated any intention to reinstate the [] letters. The rescission of the contested policy has "completely and irrevocably eradicated the effects" from the alleged procedural and substantive violations committed by CMS in its issuance of the first two letters.

*Id.* at 1144 (quoting *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). Thus, the Court found "we can do nothing to affect Appellant's rights relative to those now-withdrawn letters," leaving the plaintiff's challenge "classically moot." *Id.* at 248 (quoting *Friends of Animals*, 961 F.3d at 1203) (cleaned up); *see also, e.g.*, *Porup v. Cent. Intel. Agency*, 997 F.3d 1224, 1231–33 (D.C. Cir. 2021) (finding plaintiff's claim that agency maintained policy or practice of violating FOIA moot after agency changed policy and answered plaintiff's FOIA request); *Comm. in Solidarity With People of El Salvador (CISPES) v. Sessions*, 929 F.2d 742, 744–455 (D.C. Cir. 1991) (finding case moot after agency reached agreement to provide records at issue and that "'it has been the settled practice' to accept [agency] representations in determining whether a case presents a live controversy." (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974))).

Plaintiffs may claim the agencies may still try to advance non-compliant PLA exceptions in individual solicitations. This argument is quintessential speculation insufficient to establish subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992). Further, *Row 1* is again instructive. While the D.C. Circuit found that there was some live controversy over whether Medicare contractors were improperly denying reimbursements despite the rescission of

5

the protested letters, those claims were properly channeled through prescribed administrative procedures, which the plaintiff failed to exhaust. *Row 1 Inc.*, 92 F.4th at 248–49. Similarly here, protests regarding individual bids are subject to challenge only in the Court of Federal Claims, and this Court would have no jurisdiction over individual bid protests. *See* 28 U.S.C. § 1491(b); *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1078–79 (Fed. Cir. 2001); *see also Alphapointe v. Dep't of Veterans Affs.*, 475 F. Supp. 3d 1, 8–12 (D.D.C. 2020). As such, there is no reasonable expectation that the GSA or DoD will continue to rely on the challenged Memoranda because interim events—their rescission—have completely eradicated their effects.

No exception to mootness applies. Plaintiffs may claim the voluntary cessation exception applies as, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). But, voluntary cessation of a challenged action will moot a case when it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203). In the context of government agency action, voluntary cessation is generally given a good faith presumption by courts "after repealing of the challenged law or policy." *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017); *see also Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014); *Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116–18 (10th Cir. 2010) (collecting cases); 13C WRIGHT & MILLER'S FED. PRAC. & PROC. JURIS. § 3533.7 (3d ed. 2025) ("self-correction [] provides a secure foundation for mootness so long as it seems genuine.").

Here, there is no indication that Defendants intend to rescind their rescissions. Nor is there any indication that they intend to proceed otherwise than as outlined in the rescission memoranda.

6

This conclusion is bolstered by the OMB Memo, which affirmatively states that "blanket deviations prohibiting the use of PLAs are precluded." OMB Memo at 1. Thus, there is no evidence to upset the presumption that the government officials here are proceeding in good faith. *See Porup,* 997 F.3d at 1233 ("The Agency has assured the court that it will no longer [engage in the ceased policy]. The Agency's voluntary cessation of the challenged practices thus renders the dispute moot.").

Next, although courts allow a narrow exception to the mootness doctrine where the dispute in question is capable of repetition yet evading review, this exception is not applicable here. *See Meyer v. Grant*, 486 U.S. 414, 417 (1988). Under this exception, a party can proceed on the merits where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers*, 564 U.S. 431, 439–40 (2011).

This is not an action capable of repetition yet evading review. First, an attempt to reinstate the challenged memoranda would not be so short lived as to evade review. These are large-scale, high-value projects, which are subject to innumerable requirements and extensive procedural steps in solicitation, award, and execution. There is no indication that, should the GSA or DoD decide to reinstate the memoranda here in question, Plaintiffs would be unable to seek emergency relief— as they did here—prior to such a large-scale project being awarded and irrevocably executed. *See, e.g.*, *Grant v. Vilsack*, 892 F. Supp. 2d 252, 258 (D.D.C. 2012) ("The 'capable of repetition' exception applies to claims that are inherently short-lived" (collecting cases)).

Second, Plaintiffs must maintain a "reasonable expectation" that the same plaintiff would be subjected to the same agency action again and such expectations cannot rely on "an attenuated probability that a series of specific events will occur." *Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, 7

7

(D.D.C. 2011) (listing cases). Agency action is not capable of repetition where the government negates the challenged action and disavows the same action in the future, as the DoD and GSA have done. *See Moharam v. Transp. Sec. Admin.,* 134 F.4th 598, 609 (D.C. Cir. 2025) (finding agency action not capable of repetition after TSA took plaintiff off the No-Fly list and represented it would not re-list him based on same information).

## CONCLUSION

For all the foregoing reasons, the Court should grant Defendants' Motion to Dismiss.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

LESLEY FARBY
Deputy Director
Civil Division, Federal Programs Branch

/s/ Benjamin S. Kurland
_____
Benjamin S. Kurland
Trial Attorney (D.C. Bar Reg. No.1617521)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 598-7755
Fax: (202) 616-8460
E-mail: ben.kurland@usdoj.gov

*Counsel for Defendants*